IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDDIE BAKER, JR.,

    Petitioner,

v.

WILLIAMS,

    Respondent.

ORDER

Case No. 17-cv-136-wmc

Petitioner Eddie Baker, Jr., is currently in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). Before the court for preliminary review is Baker's petition for a writ of habeas corpus.[1] Also before the court is Baker's motion to supplement (dkt. #3), which is granted. After considering the pleadings, memoranda and supplement, however, Baker's petition will be dismissed for the reasons set forth briefly below.

FACTS

Baker is serving concurrent sentences for state and federal convictions. Milwaukee County imposed a ten-year sentence for his conviction of first-degree reckless endangerment of safety while armed with a dangerous weapon, while the Eastern District of Wisconsin imposed a concurrent 327-month sentence for a conviction of unlawful possession of a firearm as a felon. As reflected in the length of his federal sentence, Baker was classified as an armed career criminal, and his guidelines range was calculated under

---

[1] Although Baker brings his petition under 28 U.S.C. § 2241, Rule 4 applied, just as it applies to habeas petitions brought under 28 U.S.C. § 2254.

1

U.S.S.G. § 2K2.1(b), which specifies an enhanced base offense level of 24 if a defendant has two prior convictions for violent or controlled substance offenses. In Baker's case, he received this enhancement based on two convictions for drug offenses and three Illinois convictions for armed robbery.

On September 29, 2004, Baker filed a motion in the Eastern District under 28 U.S.C. § 2255, asking the sentencing court to vacate, set aside, or correct his sentence on the following grounds: (1) the trial court lacked subject matter jurisdiction to adjudicate his case under 18 U.S.C. § 921(a)(20); (2) the trial court erred by directing a partial verdict against him; (3) the prosecutor engaged in misconduct; (4) the charges violated the Double Jeopardy Clause; (5) there was insufficient evidence to prove that the firearm travelled in interstate commerce; (6) his sentence violated the Ex Post Facto Clause; and (7) defense counsel provided ineffective assistance.

After concluding that several of these grounds had already been adjudicated on direct appeal and that his remaining claims were barred by the doctrine of procedural default, the sentencing court denied relief on November 4, 2005. *See Baker v. United States*, 04-cv-938 (E.D. Wis.). The Seventh Circuit subsequently rejected Baker's request for a certificate of appealability from the sentencing court's denial, *see Baker v. United States*, No. 05-4435 (7th Cir. March 2, 2006), and the United States Supreme Court denied his petition for a writ of certiorari from that decision. *See Baker v. United States*, 548 U.S. 917 (2006).

After the United States Supreme Court issued *Johnson v. United States*, 135 S. Ct. 2551 (2015), holding that the residual clause of the Armed Career Criminal Act ("ACCA")

is unconstitutionally vague, Baker submitted an application in the Seventh Circuit seeking authorization to file a successive § 2255 motion to vacate pursuant to 28 U.S.C. § 2243(b)(3). However, the Seventh Circuit also denied that request, explaining that:

> *Johnson* is of no help to Baker. He has two convictions for drug offenses – possession of a controlled substance with intent to deliver – that qualify as serious drug offenses under the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(2)(A)(ii), and controlled substance offenses under the guidelines, *see* U.S.C.G. § 4B1.2(b). In addition, Baker has been convicted three times of armed robbery in Illinois. 720 ILCS 5/18-1, 18-2 (1961). The crime of robbery in Illinois has as an element the use of force, *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990), and thus remains a violent felony after *Johnson*. Baker points out that the robbery offenses all predated his federal offense by more than 15 years, but there is no temporal restriction in the ACCA. *See United States v. Johnson*, 743 F.3d 1110, 1111 (7th Cir. 2014); *United States v. Wright*, 48 F.3d 254, 256 (7th Cir. 1995). Baker also points out that he was sentenced on the three robberies on the same day. The robberies, however, like the drug offenses, were separate crimes that took place on different days. *See United States v. Elliot*, 703 F.3d 378, 386-87 (7th Cir. 2012); *United States v. Sims*, 683 F.3d 815, 816-17 (7th Cir. 2012).

*Baker v. United States*, No. 16-2364, slip op. at 2 (7th Cir. June 29, 2016).

OPINION

In his § 2241 petition, Baker again claims that he is entitled to relief after *Johnson*, although this time he styles his challenge as one against the Seventh Circuit's decision to deny Baker's request for authorization to submit a successive petition under § 2255. Regardless, Baker's petition is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April 24, 1996. Under the AEDPA, any "second or successive application" for habeas relief must be authorized by the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Generally, these filings are prohibited "if they follow a filing that 'counts' as the prisoner's first (and only)

3

opportunity for collateral review." *Vitrano v. United States,* 643 F.3d 229, 233 (7th Cir. 2011) (citation omitted). Since Baker's 2004 petition counts as his first opportunity for collateral review, his pending petition qualifies as a second or successive application for habeas relief. *See Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (petitions that "have been denied based on a procedural default … do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment").

Although a petition under § 2241 does not face the successive petition bar, Baker's § 2241 petition is really a § 2255 claim in sheep's clothing. A defendant has limited avenues of relief from a federal conviction once it has become final. After a defendant has completed a direct appeal, or his time to appeal has expired, a motion under 28 U.S.C. § 2255 is generally the "exclusive" means for a federal prisoner to challenge the validity or imposition of his sentence. *Hill v. Werlinger,* 695 F.3d 644, 647 (7th Cir. 2012). In a "narrow class of cases," a federal prisoner may challenge his conviction and sentence under § 2241, but only if he can show that his claims fit within the "savings clause" found at 28 U.S.C. § 2255(e). *Id.* at 648; *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003); *see also Carnine v. United States,* 974 F.2d 924, 927 (7th Cir. 1992) (comparing the remedies available under §§ 2241, 2255). The "savings clause" authorizes a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In order to fit within the savings clause, the Seventh Circuit has explained that a petitioner must generally meet three conditions. *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013). First, he must show that he relies on a new case of statutory

4

interpretation. *Id.* Second, he must show that the case applies retroactively. *Id.* Third, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id.*; *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012). Recently, in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015), the Seventh Circuit reemphasized that "there must be some kind of structural problem with § 2255 before § 2241 becomes available. In other words, something more than a lack of success with a § 2255 motion must exist before the savings clause is satisfied." *Id.* at 1136. The test remains whether Section 2255 is an inadequate or ineffective remedy, meaning whether it allows the petitioner "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *Id.* (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)).

Baker's challenge may meet the first two requirements -- the *Johnson* decision interprets the ACCA in a new way and applies retroactively. Yet it fails on the third. Indeed, as set forth in the Seventh Circuit's decision quoted above, Baker's sentence does not suffer from a fundamental defect, since he received proper enhancement under the ACCA in light of his two drug convictions and three robbery convictions even post-*Johnson*. *See also United States v. Smith*, 669 F. App'x 314, 315 (7th Cir. 2016) ("we have held that convictions under [the Illinois robbery statute] are crimes of violence under the elements clauses of the Guidelines and similarly worded statutes"); *United States v. Frazier*, 710 F. App'x 251, 253 (7th Cir. 2018) (while the conclusion in *Dickerson* that the Illinois robbery statute defines a violent felony for ACCA purposes has been challenged, the court has rejected at least one such challenge) (citing *Van Sach v. United States*, No. 17-1824, 2017

WL 4842617, at *1 (7th Cir. Sept. 1, 2017) (nonprecedential opinion). Moreover, Baker's supplemental authority -- the Supreme Court's decision in *United States v. Beckles*, 137 S. Ct. 886 (2017) -- only confirms that he may challenge his ACCA sentence under *Johnson*, not that Baker's sentence suffers from a fundamental defect. Accordingly, § 2241 is unavailable to Baker as a means to circumvent the requirement of advance approval from the Seventh Circuit before proceeding on another § 2255 petition.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). To the extent that this order qualifies as "final" for purposes of Rule 11, the court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition qualifies as a "second or successive" appeal under 28 U.S.C. § 2244(b), at least under current, settled law.

ORDER

IT IS ORDERED THAT:

1. Petitioner Eddie Baker's motion to supplement (dkt. #3) is GRANTED.

2. Petitioner's habeas corpus petition is DENIED and this matter is DISMISSED.

3. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

4. Petitioner's motion for bond (dkt. #4) is DENIED as moot.

Entered this 22nd day of March, 2018.

        BY THE COURT:

        /s/

        WILLIAM M. CONLEY
        District Judge